IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA )<br>Plaintiff, )<br>)<br>v. )<br>)<br>TERESA DENISE SCHNEIDER (also )<br>known as Teresa D. Schneider, Teresa D. )<br>Perkins, Teresa P. Perkins), THOMAS P. )<br>SCHNEIDER, and FRED DOUGLAS )<br>PERKINS, JR. (also known as FRED )<br>DOUGLAS PERKINS), )<br>Defendants. ) | | Case No.: 1:19CV1059 |

**COMPLAINT TO VOID FRAUDULENT TRANSFERS**

The United States of America, by Matthew G.T. Martin, United States Attorney for the Middle District of North Carolina, proceeding in its sovereign capacity under 28 U.S.C. § 1345 and pursuant to the Federal Debt Collection Procedures Act ("FDCPA"), 28 U.S.C. § 3301 *et seq*. and 18 U.S.C. § 3664(m)(1)(A)(ii), brings this action, complaining and alleging as follows:

**I.    JURISDICTION AND VENUE**

1. The Court has jurisdiction over this matter under 28 U.S.C. §§ 1331, 1345, 1355, 1367, and 2410 and 28 U.S.C. §§ 3301 *et seq*.

2. Venue is proper in this district under 28 U.S.C. § 1391(b)(2) since a substantial part of the events giving rise to the present claim occurred in this judicial district, and a substantial part of the property that is the subject of this action is situated in this judicial district.

## II.     PARTIES

3. Plaintiff, the United States, is a sovereign nation.

4. Teresa Denise Schneider ("Schneider") is an inmate in the custody of the Bureau of Prisons housed at FTC Oklahoma City, located in Oklahoma City, Oklahoma. She is not an infant or an incompetent person.

5. Thomas P. Schneider ("Thomas Schneider") is, upon information and belief, an individual residing in Durham County, North Carolina, and is not an infant or an incompetent person. Thomas P. Schneider is the husband of Teresa Denise Schneider.

6. Fred Douglas Perkins, Jr. ("Perkins") is, upon information and belief, an individual residing in Wake County, North Carolina, and is not an infant or an incompetent person. Fred Douglas Perkins, Jr., is the adult son of Teresa Denise Schneider.

7. To Plaintiff's best information and belief the Defendants are not infants or incompetent persons and are not in the military service within purview of the Servicemembers Civil Relief Act (SCRA) (50 U.S.C. App. § 3901 *et seq*, as amended), formerly known as the Soldiers' and Sailors' Civil Relief Act of 1940.

8. Plaintiff contacted the Defense Manpower Data Center and was informed that it does not possess any information indicating the individual Defendants' status as active.

## III. FACTUAL ALLEGATIONS

9. Defendant Schneider is indebted to the United States as set forth below. She fraudulently transferred or conveyed certain property, as set forth below, to Thomas P. Schneider and Fred Douglas Perkins, Jr.

10. On June 25, 2018, Teresa Denise Schneider was charged by Indictment in the United States District Court for the Middle District of North Carolina, case number 1:18CR228-1, with three counts of violating Title 18, United States Code, Section 1341, mail fraud; six counts of violating Title 18, United States Code, Section 1344(2), bank fraud; four counts of violating Title 18, United States Code, Section 1343, wire fraud; and one count of violating Title 18 United States Code, Section 1028A(a)(1), aggravated identity theft. (United States v. Schneider, 1:18CR228-1, Dkt. 1).

11. From on or about April 17, 2011, continuing up to and including in or about October 2013, Teresa Denise Schneider did knowingly engaged in a scheme to embezzle and convert funds from an elderly victim, by whom she had been employed as a caregiver, in the amount of approximately $370,000.00, by means of materially false and fraudulent pretenses, representations, and promises, and did obtain money, funds, credits, and property under the custody and control of financial institutions, by means of materially false and fraudulent pretenses and representations, that is, by withdrawing monies from accounts controlled by the victim, without any authority and converting such funds to her own use, such scheme and artifice to defraud making use of interstate wire

3

communications, as well as the United States mail and interstate commercial carriers. (United States v. Schneider, 1:18CR228-1, Dkt. 20.)

12. On or about January 30, 2019, Schneider signed a plea agreement, entering voluntary pleas of guilty to Counts Eleven and Thirteen of the Indictment and agreeing to pay restitution to any victim harmed by the relevant conduct. (See Plea Agreement, United States v. Schneider, 1:18CR228, Dkt. 19, ¶ 2e.) Schneider agreed that pursuant to Title 18, United States Code, Section 3613, all monetary penalties, including restitution imposed by the Court, "shall be due immediately upon judgment and subject to immediate enforcement by the United States." (Id., ¶ 7.)

13. Also as part of her Plea Agreement, with regard to forfeiture, Schneider agreed to a money judgment in the amount of Three Hundred Thirty-Six Thousand One Hundred Seventy-Three and 89/100 Dollars ($336,173.89), in that such sum equals the total amount subject to forfeiture as the result of the offenses alleged in Counts Eleven and Thirteen. (United States v. Schneider, 1:18CR228, Dkt. 19, ¶ 6a.) Furthermore, Schneider agreed "to take necessary steps to insure that assets which may be subject to forfeiture, including substitute assets, are not sold, disbursed, wasted, hidden or otherwise made unavailable for forfeiture." (Id., ¶ 6c.)

14. On August 15, 2019, Schneider appeared before the Honorable Loretta C. Biggs, United States District Judge, and was sentenced in the United States District Court for the Middle District of North Carolina, on one count of bank fraud and one count of wire fraud. Schneider was ordered to serve eighteen months imprisonment and pay a special

4

Case 1:19-cv-01059   Document 1   Filed 10/16/19   Page 4 of 13

assessment in the amount of $200.00 and restitution of $336,173.89. (<u>United States v. Schneider</u>, 1:18CR228-1, Dkt. 32.)

**<u>Chambers Road Property</u>**

15. The first real property at issue in this case is located at the street address of 354 Chambers Road, Rougemont, North Carolina 27572 (the "Chambers Property").

16. According to the Quit Claim Deed for the Chambers Property dated July 27, 2019, "Teresa D. Schneider f/k/a Teresa P. Perkins, Thomas P. Schneider, her spouse, and Fred Douglas Perkins, Jr., heir of Fred D. Perkins" are the grantors and the grantee is Fred Douglas Perkins, individually. The Quit Claim Deed was recorded on September 4, 2019, in Book 8743, Page 525-530, Durham County, North Carolina Registry.[1] (<u>See</u> Exhibit A.) The Quit Claim Deed states that Fred D. Perkins and Teresa Perkins took title to the property in July 1988, were divorced on or about August 21, 2000, and thereafter held the property as tenants in common until Fred D. Perkins died on February 21, 2007, intestate. The Deed further states that Fred D. Perkins' heir, Fred Douglas Perkins, Jr., inherited one-half of the real property subject to the deed. (<u>Id.</u>)

17. According to a North Carolina General Warranty Deed for the Chambers Property dated July 19, 1988, Florence Bailey is the grantor and the grantees are Fred D. Perkins, and wife Teresa P. Perkins. The Deed was recorded on July 28, 1988, in Book 1467, Page 180-181, Durham County North Carolina Registry. (<u>See</u> Exhibit B.)

---

[1] The Quit Claim Deed for the Chambers Property was executed by Schneider, Thomas Schneider, and Fred Douglas Perkins, Jr., prior to Schneider's sentencing, but not recorded in the Durham County registry until after sentencing.

### Pendleton Court Property

18.     The second real property at issue in this case is located at the street address of 3 Pendleton Court, Durham, North Carolina 27713 (the "Pendleton Property").

19.     According to the Quit Claim Deed for the Pendleton Property dated July 9, 2019, Teresa D. Schneider f/k/a Teresa D. Perkins is the grantor and the grantees are Teresa D. Schneider and Thomas P. Schneider, as tenants by the entireties. The Deed was recorded on September 4, 2019 in Book 8743, Page 531-532, Durham County, North Carolina Registry.[2] (See Exhibit C.)

20.     According to a North Carolina General Warranty Deed for the Pendleton Property dated February 14, 2001, Signet Realty Associates of Durham, Inc., is the grantor and the grantee is Teresa D. Perkins. The Deed was recorded on February 27, 2001, in Book 3011, Page 909-911, Durham County North Carolina Registry. (See Exhibit D.)

### COUNT ONE
### (Fraudulent Transfers in violation of 28 U.S.C. § 3304(b)(1))
### (Against Teresa D. Schneider, Thomas P. Schneider, and Fred Douglas Perkins, Jr.)

21.     The United States realleges and incorporates all the preceding allegations as if fully set forth herein.

---

[2] The Quit Claim Deed for the Pendleton Property was executed by Schneider and Thomas Schneider prior to Schneider's sentencing, but not recorded in the Durham County registry until after sentencing.

22. Schneider's and Thomas Schneider's July 27, 2019, transfer of Schneider's one-half interest as a tenant in common in the Chambers Property to Fred Douglas Perkins, Jr., was a fraudulent transfer.

23. Schneider's July 9, 2019, transfer of Schneider's whole interest in the Pendleton Property to Teresa D. Schneider and Thomas P. Schneider as tenants by the entireties was a fraudulent transfer.

24. Upon information and belief, no consideration was paid for the transfer reflected in the Chambers Property Quit Claim Deed. Schneider did not receive reasonably equivalent value for the transfer.

25. Upon information and belief, consideration of the sum of Ten Dollars was paid for the transfer reflected in the Pendleton Property Quit Claim Deed. Schneider did not receive reasonably equivalent value for the transfer.

26. Upon information and belief, Teresa Denise Schneider, Thomas P. Schneider, and Fred Douglas Perkins, Jr., executed the Quit Claim Deed transferring Teresa Denise Schneider's one-half interest, in the Chambers Property to Fred Douglas Perkins:

   a. With actual intent to hinder, delay, or defraud a creditor; or
   b. Without receiving a reasonably equivalent value in exchange for the transfer while she (i) was engaged or was about to engage in a business or a transaction for which her remaining assets were unreasonably small in relation to the business or transaction; or (ii) intended to incur, or believed or

7

Case 1:19-cv-01059   Document 1   Filed 10/16/19   Page 7 of 13

reasonably should have believed that she would incur, debts beyond her ability to pay as they became due.

27. Teresa Denise Schneider, Thomas P. Schneider, and Fred Douglas Perkins, Jr., made the transfer of her one-half interest to an insider, her son, Fred Douglas Perkins, Jr. As a result of the transfer, Teresa Denise Schneider became insolvent.

28. Schneider's transfer of the Chambers Property to Fred Douglas Perkins in the Quit Claim Deed was therefore fraudulent as to a debt to the United States pursuant to 28 U.S.C. § 3304(b). The transfer impaired, and continues to impair the rights of the United States in that Schneider is now insolvent and has no money or property out of which her restitution debt can be satisfied.

29. Accordingly, pursuant to 28 U.S.C. § 3306, the United States is entitled to the following relief:

   a. Avoidance of the Chambers Property transfer in July 27, 2019, Quit Claim Deed, recorded September 4, 2019, to the extent necessary to satisfy Schneider's debt to the United States;

   b. A remedy against the Chambers Road Property; or

   c. Any other relief the circumstances may require.

30. Upon information and belief, Teresa Denise Schneider f/k/a Theresa D. Perkins executed the Quit Claim Deed transferring Teresa Denise Schneider's interest in the Pendleton Property to herself and Thomas Schneider:

   a. With actual intent to hinder, delay, or defraud a creditor; or

8

b. Without receiving a reasonably equivalent value in exchange for the transfer while she (i) was engaged or was about to engage in a business or a transaction for which her remaining assets were unreasonably small in relation to the business or transaction; or (ii) intended to incur, or believed or reasonably should have believed that she would incur, debts beyond her ability to pay as they became due.

31. Teresa Denise Schneider made the transfer of her interest to an insider, her husband Thomas Schneider. As a result of the transfer, Teresa Denise Schneider became insolvent.

32. Schneider's transfer of the Pendleton Property to herself and Thomas Schneider as tenants by the entireties in the Quit Claim Deed was therefore fraudulent as to a debt to the United States pursuant to 28 U.S.C. § 3304(b). The transfer impaired, and continues to impair the rights of the United States in that Schneider is now insolvent and has no money or property out of which her restitution debt can be satisfied.

33. Accordingly, pursuant to 28 U.S.C. § 3306, the United States is entitled to the following relief:

a. Avoidance of the Pendleton Property transfer in July 9, 2019, Quit Claim Deed, recorded September 4, 2019, to the extent necessary to satisfy Schneider's debt to the United States;

b. A remedy against the Pendleton Property; or

c. Any other relief the circumstances may require.

## COUNT TWO
### (Fraudulent Transfer in Violation of N.C. Gen. Stat. § 39-23.4)
### (Against Teresa D. Schneider)

34. The United States realleges and incorporates all the preceding allegations as if fully set forth herein.

35. Upon information and belief, no consideration was paid for the Chambers Property transfer and nominal consideration was paid for the Pendleton Property transfer.

36. Upon information and belief, Teresa Denise Schneider executed the Quit Claim Deeds transferring the Chambers Property from herself to her son Fred Douglas Perkins and transferring the Pendleton Property from herself to Teresa D. Schneider and Thomas P. Schneider, as tenants by the entireties:

   a. With actual intent to hinder, delay, or defraud a creditor; or

   b. Without receiving a reasonably equivalent value in exchange for the transfer while he (i) was engaged or was about to engage in a business or a transaction for which his remaining assets were unreasonably small in relation to the business or transaction; or (ii) intended to incur, or believed or reasonably should have believed that he would incur, debts beyond his ability to pay as they became due.

37. Schneider's transfers of the Chambers Property and the Pendleton Property were therefore fraudulent as to a creditor (the United States) pursuant to N.C. Gen. Stat. § 39-23.4(a).

38. Accordingly, pursuant to N.C. Gen. Stat. § 39-23.7, the United States is entitled to the following relief:

   a. Avoidance of the transfer in the Chambers Property Quit Claim Deed and the Pendleton Quit Claim Deed to the extent necessary to satisfy the United States' claim;

   b. An attachment or other provisional remedy against the Chambers Property and the Pendleton Property;

   c. An injunction against further disposition of the Chambers Property and the Pendleton Property;

   d. Appointment of a receiver to take charge of the Chambers Property and the Pendleton Property;

   e. An order permitting the United States to levy execution on the Chambers Property and the Pendleton Property or proceeds from sale; or

   f. Any other relief the circumstances may require.

### COUNT THREE
### (Quiet Title – N.C. Gen. Stat. § 41-10)
### (Against Fred Douglas Perkins, Jr., and Thomas Schneider)

39. The United States realleges and incorporates all the preceding allegations as if fully set forth herein.

40. The United States claims an interest in the Chambers Property, namely its lien against Schneider and all of her property in Durham County, North Carolina.

41. Fred Douglas Perkins, Jr., has claimed an interest in the Chambers Property by virtue of the Quit Claim Deed naming him as a grantee of the Chambers Property.

42. Upon information and belief, since August 21, 2000, Schneider has been and currently is a ½ owner as a tenant in common of the Chambers Property, subject to the United States' lien.

43. Schneider's transfer of her ½ interest in the Chambers Property to Fred Douglas Perkins was illegal and illegitimate under federal and state law, as detailed above.

44. Pursuant to N.C. Gen. Stat. § 41-10, the United States is entitled to a decree debarring all claims of Fred Douglas Perkins, Jr., to a ½ interest in the Chambers Property.

45. The United States claims an interest in the Pendleton Property, namely its lien against Schneider and all of her property in Durham County, North Carolina.

46. Thomas Schneider has claimed an interest in the Pendleton Property by virtue of the Quit Claim Deed naming him as a grantee of the Pendleton Property.

47. Upon information and belief, since February 14, 2001, Schneider has been and currently is the only real owner of the Pendleton Property, subject to the United States' lien.

48. Schneider's transfer of her interest in the Pendleton Property to herself and Thomas Schneider as tenants by the entireties was illegal and illegitimate under federal and state law, as detailed above.

49. Pursuant to N.C. Gen. Stat. § 41-10, the United States is entitled to a decree debarring all claims of Thomas Schneider in the Pendleton Property.

WHEREFORE, the United States respectfully prays that:

a. The September 4, 2019, transfer of Teresa Schneider's one-half interest in the Chambers Road Property to Fred Douglas Perkins, Jr., be adjudged fraudulent, and voided to the extent necessary to satisfy the debt owed to the United States;

b. The September 4, 2019, transfer of Teresa Schneider's whole interest in the Pendleton Court Property to herself and Thomas P. Schneider, as tenants by the entireties, be adjudged fraudulent, and voided to the extent necessary to satisfy the debt owed to the United States;

c. The United States be awarded costs for prosecuting this action, including but not limited to, a filing fee, as authorized by 28 U.S.C. § 2412(a)(2); and

d. For such further relief as the Court deems appropriate.

This the 16th day of October, 2019.

Respectfully submitted,

MATTHEW G.T. MARTIN
United States Attorney

/s/ Joan B. Childs
Assistant United States Attorney
NCSB# 18100
United States Attorney's Office
Middle District of North Carolina
101 S. Edgeworth St., 4th Floor
Greensboro, NC 27401
Telephone: (336) 333-5351
Email: joan.childs@usdoj.gov